The Honorable Jerry E. Hinshaw State Representative Route 4, Box 444A Springdale, Arkansas 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion regarding the constitutionality of the proposed ordinance establishing the Siloam Springs Historic District and Commission.
In answer to your threshold inquiry, it seems clear that the ordinance would survive a constitutional attack. Authority for establishing an historic district and an Historic District Commission is found in Act 484 of 1963, known as the "Historic Districts Act." The Arkansas Supreme Court has confirmed, moreover, that aesthetic considerations provide an appropriate basis for such an ordinance, City of Fayetteville v. McIlroy Bank Trust 278 Ark. 500, 647 S.W.2d 439 (1983); and the proposed ordinance appears to bear a reasonable relation to such considerations. See Donrey Communications v. City of Fayetteville, 280 Ark. 408, 660 S.W.2d 900 (1983).
The inquiry in this instance, however, must also extend into the particular provisions of the Historic Districts Act, and the ordinance's compliance therewith. While a municipality may, pursuant to Ark. Stat. Ann. 19-1042 (Repl. 1980), exercise full legislative power in matters pertaining to its municipal affairs, it may not exercise such power in conflict with state law in certain matters that have been designated as "state affairs." See Ark. Stat. Ann. 19-1043 (Repl. 1980). Included within these designated state affairs are "matters coming within the police power of the state." 19-1043. Since invocation of the police powers provides the basis for regulation in this area involving "aesthetic improvement," the ordinance in question must be in compliance with existing State law.
A review of the Historic Districts Act ("Act"), compels the conclusion that several provisions of the ordinance exhibit a conflict. It should be noted as an initial matter that several procedural requirements of the Act are not addressed in the ordinance. The Act, which is codified at Ark. Stat. Ann. 19-5001 et seq. (Repl. 1980) sets forth procedures in 19-5002 that must be considered. 19-5010 should also be noted in this regard. Of course, inclusion of these provisions in the ordinance is not necessary.
With regard to specific areas of conflict, the most apparent discrepancy is found in Section 12 of the ordinance which purports to establish the Historic District Commission. Ark. Stat. Ann. 19-5004 is clear in specifying in pertinent part as follows:
 The Historic District Commission, hereinafter referred to as `Commission,' shall consist of five (5) members appointed by the mayor, subject to confirmation by the governing body of the city, who shall be electors of such municipality holding no salaried or elective office. The appointments to membership on the Commission shall be so arranged that the term of at least one (1) member will expire each year, and their successors shall be appointed in a like manner for terms of three (3) years. Vacancies shall be filled in like manner for the unexpired term. All members shall serve without compensation. The Commission shall elect a Chairman and Vice-Chairman annually from its own number.
It is apparent that the ordinance in question fails in several respects to comply with this provision.
Another potential conflict is found in Section 5(B) which establishes procedures for public hearings. Although the General Assembly's use of the term "may" in 19-5007 indicates that public hearings are not required, this provision specifies that the Commission "shall act on such application for certificate of appropriateness within a reasonable period of time." (Emphasis added). This provision does indicate further that the "reasonable time" shall be as "prescribed by ordinance." Yet a question arises whether the period of time established under Section 5(c) with respect to an application involving demolition is in fact reasonable. The Historic Districts Act makes no distinction between this type of proposed activity and others falling within the Commission's jurisdiction. An argument may be made that there is a valid distinction and that the time frame imposed in Section 5(c) is reasonable. It may be that this is a question which can only be decided based upon the particular facts involved.
It is my opinion, therefore, that while the ordinance would in all likelihood be deemed constitutional, several of its provisions do appear to conflict with existing state law. With these exceptions, the other modifications reflect an appropriate exercise of legislative power by the municipality under Ark. Stat. Ann. 19-1042 and 1043.
It should be noted that the U.S. Supreme Court has recently issued a ruling that potentially impacts this area. First Lutheran Church v. Los Angeles County, No. 85-1199 decided June 9, 1987. Although it appears that the Court did not address the underlying issue involving the regulation in question, it did rule that a landowner may recover damages for the period of time preceding a determination that the land-use regulation constitutes an unconstitutional "taking" of property. Prior to this ruling, it was generally held that a complainant was limited to nonmonetary relief. It is impossible at this time to assess the actual impact of this decision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.